UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JUAN NARANJO HENAO,<br>            Defendant. | Crim. Case No. 18-cr-00131 (RDM) |

DEFENDANT'S MOTION FOR DISCLOSURE OF THE
GOVERNMENT'S INTENT TO INTRODUCE RULE 404(b)
EVIDENCE, OR EVIDENCE DEEMED INTRINSIC TO THE CHARGE(S)

COMES NOW DEFENDANT, Juan Naranjo Henao, by and through undersigned counsel, and respectfully requests that the Court order the government to disclose their intent to introduce evidence at trial pursuant to Rule 404(b) of the Federal Rules of Evidence. Mr. Naranjo also requests that the Court order the government to identify their intent to classify, or not classify, potential Rule 404(b) evidence as evidence intrinsic to the alleged charge and thereby not in the realm of 404(b) evidence.

*Concise Argument*

Mr. Naranjo anticipates the government may proffer and seek to introduce at trial evidence that is not intrinsic to the current charge, and not relevant as a permissible purpose under Rule 404(b); specifically, generalized evidence of drug trafficking. This proffered evidence will be substantially more prejudicial than probative, and risks converting what would otherwise be a relatively short trial into

a confusing and highly prejudicial trial about cartel-level drug trafficking on a world-wide scale with unknown defendants/co-defendants, countless uncharged wrongful acts, and a multitude of separate conspiracies.

*Background*

On May 3, 2018, the government indicted Mr. Naranjo on charges of aiding and abetting and conspiracy to distribute five kilograms or more of cocaine for importation into the United States, in violation of 21 U.S.C. §§ 959(a), 960, 963 and 18 U.S.C. § 2. Trial is scheduled to begin on October 6, 2025. As part of the government's case in chief, Mr. Naranjo anticipates government evidence that would be classified as "other crimes" and/or evidence that the government would argue is "intrinsic" to the alleged conspiracy. Such government evidence would stray from the testimony presented to the grand jury in this case, the applicable U.S. Code sections, and date(s) referenced in the indictment.

Accordingly, any evidence that would stray from the indictment would at least be evidence of other crimes if not a clear variance from the charged indictment. Therefore, Mr. Naranjo respectfully requests that the Court order the government to clarify their evidentiary presentation and identify evidence that may be labeled as other crimes evidence under Rule 404(b).

*Legal Authority*

The evidentiary limitation in Rule 404(b) implements a fundamental tenet of our criminal justice system; namely, that defendants may be convicted only for

2

violating the law, not for being bad people. *United States v. Straker*, 800 F.3d 570, 589 (D.C. Cir. 2015), *cert. denied*, 136 S.Ct. 1170, 194 L.Ed. 2d 191 (2016), citing *United States v. Sutton,* 801 F.2d 1346, 1360 (D.C. Cir. 1986). This Circuit has emphasized that "[C]onvictions are supposed to rest on evidence relevant to the crime charged, not on evidence of other, unrelated bad acts suggesting nothing more than a tendency or propensity to engage in criminality." *United States v. McGill,* 815 F.3d 846, 878 (D.C. Cir. 2016). The use of other crimes, or bad acts, to prove that a defendant was " 'ready, willing, and able' to commit the charged crimes is a barefaced appeal to propensity-based decision making, flatly forbidden by Rule 404(b).' " *McGill,* 815 F.3d at 889.

Beyond propensity, "[e]vidence of other crimes or acts having a legitimate nonpropensity purpose," and thus unaffected by Rule 404(b), may nevertheless "contain the seeds of a forbidden propensity inference." *McGill,* 815 F.3d at 880, citing *United States v. Bowie,* 232 F.3d 923, 931 (D.C. Cir. 2000), also citing *United States v. Mathis,* 216 F.3d 18, 26 (D.C. Cir. 2000). As a result, the test of balancing prejudice and probativeness under F.R.E. 403 may still bar the introduction of such evidence, even if Rule 404(b) by itself would not. *Mathis,* 216 F.3d at 26. The government must, as a relevance threshold, "identify a similarity or connection between the two acts that makes the prior act relevant." F.R.E. 402. *United States*

*v. Henry,* 23 F.Supp. 3d 131, 136 (E.D.N.Y. 2014), *citing United States v. McCallum,* 584 F.3d 471, 475 (2d Cir. 2009) (internal quotation marks omitted).[1]

*Potential 404(b) Evidence Re-Branded As "Intrinsic"*

The admissibility of "other acts" evidence first rests upon whether the evidence is extrinsic or intrinsic to the charge. *See United States v. Bowie,* 232 F.3d 923, 927 (D.C. Cir. 2000). Extrinsic acts are subject to the limitations of Rule 404(b), while acts intrinsic to the charged crime are not. *Id.*; *see also United States v. Mahdi*, 598 F.3d 883, 891 (D.C. Cir. 2010). The defense anticipates that the government will attempt to introduce a large body of evidence related to drug-trafficking. Rather than fall under the restrictions of Rule 404(b), it is anticipated that the government may re-brand this evidence as "intrinsic" to the charge.

Evidence of acts that are part of the charged offense or of uncharged conduct "performed contemporaneously with the charged crime" that "facilitates the commission of the charged crime" may be considered intrinsic and not subject to Rule 404(b)'s limitations. *Bowie,* 232 F.3d at 929; *McGill,* 815 F.3d at 879. This evidence would be proffered as "intrinsic" and allow the government an end-run around Rule 404(b) which clearly limits admissibility to acts "proving motive, opportunity, intent,

---

[1] The *McCallum* court cited *United States v. Garcia,* 291 F.3d 127, 138 (2d Cir. 2002) where the district court abused its discretion by admitting proof of a prior conviction because "the government did not establish that [the] prior drug conviction was meaningfully probative of [the defendant's] knowledge" with respect to the charged narcotics conspiracy, "[t]he only similarity between the two drug transactions ... [was] that both involved cocaine," and "[t]he government did not offer evidence of any other similarity or connection between the two transactions."

preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed.R.Evid. 404(b)(2). The defense fears surprise as the government picks and chooses evidence that they will attempt to classify as 404(b) or intrinsic evidence.

WHEREFORE, Mr. Naranjo respectfully requests that the Court order disclosure of the government's intent to introduce Rule 404 (b) evidence and notice of any government argument related to material the government will argue is potentially Rule 404(b) evidence but, according to the government, is intrinsic to the charges.

Filed this 11th day of August 2025.

                                      Respectfully submitted,

                                      RETURETA & WASSEM, P.L.L.C.

By:_____
MANUEL J. RETURETA, Esq.
District of Columbia Bar #430006
300 New Jersey Ave., NW, Ste. 900
Washington, D.C.  20001
(202) 450-6119
MJR@RETURETAWASSEM.COM

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing filing was served upon counsel for all parties via electronic mail on this 11th day of August 2025.

By:_____
Manuel J. Retureta, Esq.