UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

v.

JUAN NARANJO HENAO,
                          Defendant.

Crim. Case No. 18-cr-00131 (RDM)

MOTION TO DISMISS INDICTMENT &
REASSERTING REQUEST FOR BILL OF PARTICULARS (ECF 21)

COMES NOW Defendant, Juan Naranjo Henao (hereinafter Mr. Naranjo), through undersigned counsel, and respectfully files this motion to dismiss the indictment. Fed. R. Crim. P. 12(b)(1), and 12(b)(3)(B)(v). Mr. Naranjo also reasserts his previously filed Motion for Bill of Particulars (ECF 21) in light of the issues raised by the motion to dismiss the indictment.

*Concise Argument*

The indictment in Mr. Naranjo's case alleges a conspiracy that happened over 7-years ago and lasted three months. Although the indictment time-frame appears short, the government allegations surrounding the indictment – in pleadings and before the Court – have exploded to allege a multi-year criminal enterprise, a large-scale conspiracy, with multiple co-conspirators and a world-wide reach. It has been clear, and continues to be clear, that the government's intended case against Mr. Naranjo is substantially different than the case presented to a grand jury in the

Spring of 2018 – mere weeks after the Ecuadoran arrest of Mr. Naranjo.  Today, Mr. Naranjo faces an unknown body of evidence and an unknown time period to defend against.

Such a substantial difference is not proper when one considers a discrete event in Ecuador, an abbreviated charging document from the District of Columbia, and case evidence and argument that pins world-wide drug trafficking at the feet of Mr. Naranjo.  More significantly, the separation between allegation and evidence raises the specter that the basis of the indictment was/is invalid and that Mr. Naranjo has suffered irreparable prejudice, by arrest – extradition – and detention, and will continue to suffer such damage should the indictment be allowed to stand and lead to a jury trial.  A dismissal of the indictment is warranted.

*Factual Background*

According to the government, the investigation related to this case is the product of an extensive, long-term and ongoing investigation conducted by the Drug Enforcement Administration ("DEA") into the drug trafficking activities of the Cartel de Jalisco Nueva Generacion ("CJNG").  See Gov Complex Case motion ECF 17, p.1. However, the indictment charged only two defendants for alleged criminal activities during a limited time span of approximately three months.

It is now clear to the defense that the government trial strategy is to present the jury a "cartel-case" with evidence that amounts to one seizure in 2018, three arrests – including Mr. Naranjo – and, a dismissal of charges against Mr. Naranjo in

Ecuador.  While the indictment alleges a generic quantity of cocaine (5 kilograms), there is no reference of the total number of drug transactions, or the actual quantity of drugs. The indictment fails to properly describe who was involved, where the offense(s) occurred, and essentially what happened that would link a 3-month event to a multi-year cartel-level drug trafficking organization.

### Authority & Argument

The Fifth Amendment mandates a grand jury indictment for prosecutions of serious crimes.  Implementing this constitutional guarantee, the Supreme Court has recognized two central purposes for an indictment:  (1) to apprise the accused of the charges against him so that he may adequately prepare his defense; and (2) to describe the crime with which he is charged with sufficient specificity to enable him to protect against future jeopardy for the same offense.  *Hamling v. United States*, 418 U.S. 87, 117 (1974); *Russell v. United States*, 369 U.S. 749, 763-764 (1962); *United States v. Debrow*, 346 U.S. 374, 377-378 (1953).

As noted above, the indictment must provide a defendant notice of the charge against him and allege the essential elements of the offense.  Fed. R. Crim. P. 7(c). See also *Stirone v. United States*, 361 U.S. 212, 218 (1960); *Debrow*, 346 U.S. at 376; *United States v. Haldeman*, 559 F.2d 31, 123 (D.C. Cir. 1976).  In addition to serving a notice function, the indictment must also be sufficiently specific to ensure that the subsequent prosecution is based upon facts presented to the grand jury, a concern

grounded in the Fifth Amendment.  U.S. Const. amend. V.  See *Russell*, 369 U.S. at

760.  As explained by the Supreme Court:

> To allow the prosecutor, or the court, to make a subsequent guess as to what was in the minds of the grand jury at the time they returned the indictment would deprive the defendant of a basic protection which the guaranty of the intervention of a grand jury was designed to secure.  For a defendant could then be convicted on the basis of facts not found by, and perhaps not even presented to, the grand jury which indicted him.

*Id.* at 769–70.  Thus, in reviewing the sufficiency of an indictment, the inquiry must

focus upon whether the indictment provides "the substantial safeguards" to criminal

defendants that indictments are designed to guarantee.

An indictment under 21 U.S.C. § 963 is sufficient if it alleges a conspiracy to

distribute drugs, the time during which the conspiracy was operative, and the statute

allegedly violated, even if it fails to allege any specific act in furtherance of the

conspiracy.  See *United States v. Mejia*, 448 F.3d 436, 445 (D.C. Cir. 2006)(The *Mejia*

court found the indictment sufficient as it identified what the object of the conspiracy

was as required by 21 U.S.C. § 963, provided the time period of the conspiracy,

identified the statutes that the object of the conspiracy violated, had an identification

of the proper *mens rea* required under Section 963, and identified the five countries

where the conspirators acted.).  A reading of the indictment in the present case

demonstrates that even the simple requirements of *Mejia* are not met here.

The indictment before this Court alleges Mr. Naranjo's involvement in a

conspiracy to distribute cocaine, in violation of 21 U.S.C. §§ 959, 960, 963 and aiding

and abetting under 18 U.S.C. § 2.  Specifically, the indictment alleges Mr. Naranjo's

participation in a conspiracy originating in January of 2018 and ending in March 2018. This is far short of, as described by government counsel, a "long-term and ongoing investigation conducted by the Drug Enforcement Administration ("DEA") into the drug trafficking activities of the Cartel de Jalisco Nueva Generacion ("CJNG")." Gov Complex Case motion ECF 17, p.1.

The indictment against Mr. Naranjo is deficient in that it does not contain a statement of facts and circumstances that adequately informs Mr. Naranjo of the specific offense conduct with which he is charged – and would anticipate at trial given government pleadings. Three months and one drug seizure does not amount to a cartel. Furthermore, a bill of particulars or discovery will not cure the possibility Mr. Naranjo could be prosecuted based on facts that were not those on which the grand jury returned its indictment.

Here, the complete lack of specificity fails to provide adequate notice and comply with the most basic standards of due process. For example, there is no hint at the total number of nations touched by the alleged conspiracy, much less the identity of those nations. Furthermore, the indictment references distribution of cocaine in the vague quantity of "five (5) kilograms or more." The indictment gives no indication as to whether these are single transactions or cumulative amounts. Additionally, the indictment is insufficiently particular as to both the identity of Mr. Naranjo's co-conspirators and when those individuals met or conversed.[1] By contrast,

---

[1] It has come to the attention of both the defense and government counsel that the indictment issued in May of 2018 is not reflected in the Court's ECF database. Hence, this motion references the May 2018 indictment, however, cannot

in *Mejia*, the indictment set forth a six (6) month conspiracy with identified co-conspirators, specific drug quantities, and named countries.  Here the indictment covers a 3-month time span, unidentified coconspirators, generic accusation as to drug quantity, and an unknown number of countries.

Admittedly, the government "is usually entitled to present its evidence at trial and have its sufficiency tested by a motion for acquittal under Rule 29 of the Federal Rules of Criminal Procedure." *United States v. Yakou*, 428 F.3d 241, 247 (D.C. Cir. 2005).  However, Mr. Naranjo's case is defective *in reverse*.  The Court has been presented an indictment that alleges a discrete incident, one incident that the government wants to explode into a world-wide cartel, with multiple co-defendants, and extensive drug trafficking and money transfer.[2]  Due process demands more than that articulated in the case law before this Court and that required pursuant to Supreme Court precedent and constitutional guarantees.  Dismissal of the indictment is required.

*Reasserting Mr. Naranjo's Motion for Bill of Particulars (ECF 21)*

In light of the discussion above, Mr. Naranjo reasserts his previously filed motion for Bill of Particulars.  ECF 21.  He notes that while an indictment may prove constitutionally sufficient, it may still lack specificity, and that a bill of

---

identify the ECF identification number for the document.  The parties conferred on this matter and will be contacting the Clerk of the Court to address the absence of the indictment.

[2] Mr. Naranjo notes that contemporaneously with this motion to dismiss the indictment, and to reassert the previously filed motion for bill of particulars, he has filed a motion to ascertain whether the government will be introducing Rule 404(b) "other crimes" evidence.  See ECF 26.

6

particulars would help to promote "the underlying concerns of proper pleading — notice of the charge to be met and protection against double jeopardy — in advance of trial." *United States v. Stavroulakis*, 952 F.2d 686, 693 (2d Cir. 1992); see also *United States v. Fletcher*, 74 F.3d 49, 53 (4th Cir. 1996) (noting that a bill of particulars "amplifies the indictment by providing missing or additional information so that the defendant can effectively prepare for trial."). However, Mr. Naranjo reasserts that it is a well settled rule that a bill of particulars cannot save an invalid indictment. See *United States v. Norris*, 281 U.S. 619, 622, 50 S.Ct. 424, 425, 74 L.Ed. 1076; *United States v. Lattimore*, 94 U.S.App.D.C. 268, 215 F.2d 847; *Babb v. United States*, 5 Cir., 218 F.2d 538; *Steiner v. United States*, 9 Cir., 229 F.2d 745; *United States v. Dierker*, D.C., 164 F.Supp. 304; 4 Anderson, Wharton's Criminal Law and Procedure, 1870. See also *Russell v. United States*, 369 U.S. 749, 770 (1962).

Whether the remedy is dismissal of indictment or production of a bill of particulars, Mr. Naranjo submits that the case indictment is at a minimum insufficient. It is vague as to the conspiracy charged because the government has admitted that it wishes the trial to be about world-wide cartel narcotics trafficking. Therefore, the insufficiency of the indictment coupled with the world-wide scale of alleged activity identified by the government leave Mr. Naranjo at a loss as to what evidence is coming in against him at trial.

While a request for specificity in a bill of particulars is not viewed favorably by courts, the utter absence of evidence to support an indictment, or misdirection of expected evidence, is constitutionally crippling. The evidence made available to the

defense, and more specifically the separation between a seizure in March of 2018, and world-wide narcotics trafficking is indicative of the need for a bill of particulars.

The defense has been provided no information, evidence, discovery release, or representation by the government as to how, why, and in what form Mr. Naranjo participated in a conspiracy at any time before January 2018 or after March 2018. The requests for particulars set forth in Mr. Naranjo's pleading are properly and narrowly focused on when Mr. Naranjo allegedly entered the charged conspiracy, whether and when he exited the alleged conspiracy, what actions he committed in furtherance of the charged conspiracy, and, what conspiracy was charged–or, more precisely, what was the conspiratorial agreement?

As the case stands today, Mr. Naranjo has no notice of what the government will attempt to prove in order to support the life of the conspiracy it charged. The defense is blind as to whether the government will seek to prove a conspiracy with other participants or will attempt to prove an overarching grand conspiracy of narco-trafficking. The latter, the "grand conspiracy of narco-trafficking," further supports the need for a bill of particulars because the discovery released thus far does not implicate Mr. Naranjo in any illegal conduct prior to January 2018, nor after March 2018.

This entire discussion again begs the question of what was presented to the grand jury in May of 2018  - a mere three weeks after Mr. Naranjo's arrest in Ecuador – that would result in an indictment of a single defendant (not referencing the redacted co-defendant) alleging criminal conduct from January 2018 to March

2018.  Mr. Naranjo's request for a bill of particulars is far from a "fishing expedition." The government seeks to hold Mr. Naranjo responsible for relevant conduct without any indication of how or when Mr. Naranjo entered, participated in, or exited the alleged conspiracy.  Mr. Naranjo submits that in order to properly prepare his case for trial it is necessary to determine why the government investigated, and indicted him.    Therefore, Mr. Naranjo reasserts his previously filed Motion for Bill of Particulars, filed as ECF 21.

Filed this 11th day of August 2025.

Respectfully submitted,

RETURETA  &  WASSEM,   P.L.L.C.

By:_____

Manuel J. Retureta, Esq.
District of Columbia Bar #430006
300 New Jersey Ave., NW, Suite 300
Washington, D.C.  20001
202-450-6119
MJR@RETURETAWASSEM.COM

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing filing was served upon counsel for all parties via electronic mail on this 11th day of August 2025.

By:_____
Manuel J. Retureta, Esq.