## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **v.** | **CRIMINAL NO.: 18-CR-131 (RDM)** |
| **JUAN GUILLERMO NARANJO-HENAO,** **also known as "Diego,"** | |
| **Defendant.** | |

## CONSOLIDATED MEMORANDUM IN OPPOSITION TO THE DEFENDANT'S PRE-TRIAL MOTIONS

MARLON COBAR, Chief
Narcotic and Dangerous Drug Section
Criminal Division
U. S. Department of Justice

Lernik Begian
D. Hunter Smith
Trial Attorneys

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT                                                                    1

I.    THE COURT SHOULD DENY DEFENDANT'S MOTION FOR DISCLOSURE OF
INTENT TO INTRODUCE RULE 404(b) EVIDENCE AS MOOT (ECF No. 26) ................. 1

II.   THE COURT SHOULD DENY THE DEFENDANT'S MOTION FOR DISCLOSURE
OF *BRADY*, *GIGLIO* AND *JENCKS* MATERIAL (ECF No. 27) ........................................... 3

III.  THE COURT SHOULD NOT REQUIRE THE GOVERNMENT TO DISCLOSE THE
IDENTITY OF THE CO-DEFENDANT (ECF No. 28).............................................................. 4

IV.   THE COURT SHOULD NOT ORDER EARLIER DISCLOSURE OF THE
GOVERNMENT'S WITNESSES (ECF No. 29) ....................................................................... 5

V.    THE COURT SHOULD DENY THE DEFENDANT'S MOTION TO SUPPRESS
EVIDENCE OF HIS STATEMENTS TO THE DEA IN MAY 2019 (ECF No. 30) ............... 6

VI.   THE COURT SHOULD DENY THE MOTION TO DISMISS THE INDICTMENT
AND RENEWED REQUEST FOR A BILL OF PARTICULARS (ECF No. 31).................... 8

    A.    Motion To Dismiss ........................................................................................................... 8

    B.    Request for Bill of Particulars......................................................................................... 9

# TABLE OF AUTHORITIES

**Cases**

*J.D.B. v. North Carolina*, 564 U.S. 261 (2011) .................................................................. 7

*Lutwak v. United States*, 344 U.S. 604 (1953) ................................................................... 2

*United States v. Appiah*, No. CR 19-361 (BAH), 2020 WL 3469688 (D.D.C. June 25, 2020) ..... 2

*United States v. Edwards*, 889 F. Supp. 2d 47 (D.D.C. 2012) ........................................... 2

*United States v. Gillette*, 383 F.2d 843 (2d Cir. 1967) ...................................................... 7

*United States v. Holland*, 41 F. Supp. 3d 82 (D.D.C. 2014) .............................................. 4

*United States v. Khanu*, 664 F. Supp. 2d 80 (D.D.C. 2009) ............................................. 2

*United States v. Lorenzana-Cordon*, No. 03-CR-331-13 (CKK), 2016 WL 11664059 (D.D.C. Sept. 1, 2016) ........................................................................................................... 5

*United States v. Machado-Erazo*, 47 F.4th 721 (D.C. Cir. 2018)) .................................. 2

*United States v. Mejia*, 448 F.3d 436 (D.C. Cir. 2006) .................................................... 8

*United States v. Neely*, No. CR 21-642 (JDB), 2023 WL 1778198 (D.D.C. Feb. 6, 2023) ............ 7

*United States v. Oseguera Gonzalez*, 507 F. Supp. 3d 137 (D.D.C. 2020) ................... 3

*United States v. Sitzmann*, 856 F. Supp. 2d 55 (D.D.C. 2012) ....................................... 2

*United States v. Tarantino*, 846 F.2d 1384 (D.C. Cir. 1988) .......................................... 3

**Statutes**

18 U.S.C. § 3500 ................................................................................................................. 3

21 U.S.C. § 959 ................................................................................................................... 9

**PRELIMINARY STATEMENT**

The Government respectfully submits this consolidated memorandum of law in opposition to the defendant's pre-trial motions.  *See* ECF Nos. 26, 27, 28, 29, 30, 31.

**I.      THE COURT SHOULD DENY DEFENDANT'S MOTION FOR DISCLOSURE OF INTENT TO INTRODUCE RULE 404(b) EVIDENCE AS MOOT (ECF No. 26)**

The Court should deny the defendant's motion to require the Government to disclose its intent to introduce evidence under Federal Rule of Evidence 404(b) as unnecessary and moot.  *See* ECF No. 26.  Based on a joint request of the parties, the Court has already set a deadline of August 25, 2025 (the day this opposition is being filed) for the Government to provide a notice under Federal Rule of Evidence 404(b).  *See* 2/24/2025 Minute Order; ECF No. 20 (parties' joint request).

The Government does not intend to introduce any evidence at trial that is subject to Rule 404(b)'s notice requirement.  As described in the Government's Motions In Limine (*see* ECF No. 32-1 at 12-15), however, the Government may seek to admit evidence of the same conspiracy as that charged in the indictment but from outside the approximate start and end dates alleged in the indictment (*i.e.*, from before January 2018 and after March 2018).  As described in the Government's Motion in Limine, such evidence is in fact intrinsic evidence not subject to Rule 404(b).  Nonetheless, the Government respectfully requests that the Court consider this response as the Government's notice under Rule 404(b) to the extent such a notice is necessary.

As the Government's Motion in Limine described, the evidence from *before* January 2018 consists primarily of the defendant's own descriptions from the 2019 interview in Quito of his meetings in 2017 with the CS, Individual-1 and others to discuss the shipment of cocaine to Mexico

1

for importation to the United States.  As explained in the Government's earlier motion, such pre-2018 evidence is intrinsic evidence because it shows the origins and earlier phases of the same conspiracy that continued into the charged period.  *See* ECF No. 32-1 at 13-14 (citing *Heike v. United States*, 227 U.S. 131, 145 (1913); *United States v. Sitzmann*, 856 F. Supp. 2d 55, 59 (D.D.C. 2012); *United States v. Khanu*, 664 F. Supp. 2d 80, 83 (D.D.C. 2009); *United States v. Edwards*, 889 F. Supp. 2d 47, 50 (D.D.C. 2012)).  After all, "'[i]n conspiracy prosecutions, the prosecution is usually allowed considerable leeway in offering evidence of other offenses to inform the jury of the background of the conspiracy charged . . . and to help explain to the jury how the illegal relationship between the participants in the crime developed.'"  *United States v. Appiah*, No. CR 19-361 (BAH), 2020 WL 3469688, at *8 (D.D.C. June 25, 2020) (quoting *United States v. Machado-Erazo*, 47 F.4th 721, 728 (D.C. Cir. 2018)).  Here, the evidence is not even evidence of an "other offense[]" but evidence of the same offense from an earlier time period.

Likewise, the Government may seek to admit recordings and other evidence of the defendant's statements from the weeks shortly *after* March 30, 2018, the approximate end date charged in the indictment.  Because such evidence concerns the same conspiracy, it is also intrinsic evidence for similar reasons.  *See* ECF No. 32-1 at 14 (citing *Lutwak v. United States*, 344 U.S. 604, 617 (1953)).  Moreover, the post-March 2018 recordings are intrinsic for the additional reason that they contain admissions of conduct that occurred during the charged period.

Even if such evidence were not intrinsic to the charged offense, it would still be admissible under Rule 404(b) as evidence of "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."  Fed. R. Evid. 404(b).  "Rule 404(b) is a rule of inclusion rather than exclusion prohibiting the admission of other crimes evidence in but one circumstance – for the purpose of proving that a person's actions conformed to his character."

*Machado-Erazo*, 47 F.4th at 728 (cleaned up).  The defendant's and his coconspirators' motive, intent and agreement to source and ship cocaine internationally are highly material evidence of their motive, intent, ability, and agreement to do the same during the charged conspiracy. Moreover, such evidence is not more prejudicial than probative because it shows only that the defendant and his coconspirators engaged in conduct of almost exactly the same type as that with which he is charged.  *See United States v. Oseguera Gonzalez*, 507 F. Supp. 3d 137, 147 (D.D.C. 2020) ("Rule 403 establishes a high barrier to justify the exclusion of relevant evidence, by requiring that its probative value must be 'substantially' outweighed by considerations such as 'unfair' prejudice.").

For the foregoing reasons, the Court should deny the defendant's motion and rule that the evidence described above is admissible.

## II.    THE COURT SHOULD DENY THE DEFENDANT'S MOTION FOR DISCLOSURE OF *BRADY*, *GIGLIO* AND *JENCKS* MATERIAL (ECF No. 27)

The defense has filed a motion seeking (1) disclosure of *Brady* and *Giglio* material and (2) early disclosure of *Jencks* material.  The Court should deny the motion.

The Government is aware of its continuing obligations under *Brady* and *Giglio*. It  has already produced to the defense information arguably favorable to the defendant and will continue to meet its discovery obligations.  In addition, the Court has ordered the Government to produce such information under Federal Rule of Criminal Procedure 5(f); thus, there is no need for an additional order.

As for *Jencks* material, "[t]he Jencks Act directs that in a criminal prosecution, statements made by government witnesses or prospective government witnesses are not open to discovery or inspection by the defense until said witnesses have testified on direct examination in the trial of the case." *United States v. Tarantino*, 846 F.2d 1384, 1414 (D.C. Cir. 1988) (discussing 18 U.S.C.

3

§ 3500). "Congress provided for discovery of statements only *after* the witness has testified, out of concern for witness intimidation, subornation of perjury, and other threats to the integrity of the trial process." *Id.* (emphasis in original). "This congressional determination is not to be disregarded by the courts." *Id.* In other words, the D.C. Circuit "has prohibited early discovery of [*Jencks*] information, regardless of whether early disclosure of the *Jencks* material may assist the [d]efendant in preparing for trial." *United States v. Holland*, 41 F. Supp. 3d 82, 103 (D.D.C. 2014). Nonetheless, the Government, in accordance with its standard practice, will make § 3500 material available to the defense two weeks before the start of trial. The Court should reject the defense's request that it order the Government to produce such materials 30 days in advance of trial.

### III.    THE COURT SHOULD NOT REQUIRE THE GOVERNMENT TO DISCLOSE THE IDENTITY OF THE CO-DEFENDANT (ECF No. 28)

The indictment in this case charges the defendant and one coconspirator (the "Co-Defendant"). After the indictment was returned, the Court, on the Government's motion, ordered the case sealed to preserve the integrity of the investigation, to protect witness safety, and to prevent risk of flight before extradition. *See* 5/3/2018 Gov't Motion to Seal; 5/3/2018 Minute Order. After the defendant's extradition to the United States, the Court (with the consent of both parties) ordered the case unsealed as to the defendant, but not the Co-Defendant. *See* 12/20/2024 Minute Order. The Government has provided the defendant a copy of the indictment with the Co-Defendant's name redacted. The Co-Defendant has not been extradited to the United States nor arrested in any country pursuant to a request from the United States.

The defendant now seeks to have the Government disclose the identity of the Co-Defendant, but he cites no authority in support of that request. Nor does the defendant say why knowledge of the Co-Defendant's identity is necessary for—or even relevant to—the upcoming

4

trial. After all, the Government has already produced substantial discovery that identifies many of the defendant's coconspirators; it makes no difference which coconspirators the Government has charged and which it has not. *See* ECF 32-1 at 15-16 (Government Motion In Limine explaining that government charging decisions are not a proper subject of jury consideration). By contrast, if the Government were required to reveal the Co-Defendant's identity, the Co-Defendant or others may take steps to avoid apprehension, destroy evidence and potentially threaten witnesses and informants. *See United States v. Lorenzana-Cordon*, No. 03-CR-331-13 (CKK), 2016 WL 11664059, at *2 (D.D.C. Sept. 1, 2016) ("[T]he Court agrees that the names of co-defendants who are still fugitives should remain under seal."). In short, the Co-Defendant's identity should remain sealed for all the reasons that this Court originally ordered the case sealed.

## IV.    THE COURT SHOULD NOT ORDER EARLIER DISCLOSURE OF THE GOVERNMENT'S WITNESSES (ECF No. 29)

Based on a joint request of the parties, the Court ordered witness lists to be exchanged on September 15, 2025 (which is twenty-one days before trial). *See* 2/4/2024 Minute Order; ECF No. 20 (parties' joint request). Citing no reason for its changed position, the defense now requests that the Government discloses its witnesses thirty days before trial. *See* ECF No. 29. There is no reason to depart from the schedule to which the parties previously agreed and that the Court has ordered.[1] Moreover, requiring the Government to disclose its witness list thirty days before trial would disrupt the Government's trial preparations, as the Government will already be disclosing its exhibit list and filing replies to motions in limine on September 8, the defense's proposed new

---

[1] The defense was well aware that the case—in which the indictment charges a crime committed "in Ecuador" and elsewhere—may involve foreign witnesses at the time it asked the Court to order the current schedule. Indeed, the Government had already produced substantial discovery, including documents from the Government of Ecuador, by the time of that joint request.

witness disclosure date.[2]  Accordingly, the defense's motion should be denied.[3]

## V.   THE COURT SHOULD DENY THE DEFENDANT'S MOTION TO SUPPRESS EVIDENCE OF HIS STATEMENTS TO THE DEA IN MAY 2019 (ECF No. 30)

As described in the Government's memorandum in support of its Motions in Limine, agents of the Drug Enforcement Administration ("DEA") interviewed the defendant at a hotel in Quito, Ecuador on or around May 21 and 22, 2019.  *See* ECF No. 32-1 at 3-4.  The interview took place after Ecuadorian authorities had released the defendant from custody.  Before the interview commenced, the DEA agents informed the defendant that he had been indicted in this case.  They also explained that he had the right to remain silent, that anything he said could be used against him, that he had a right to an attorney both before and while answering any questions and that an attorney could be provided, if he could not afford one.  The defendant signed a Spanish-language document acknowledging that he understood these rights, which has been produced in discovery to the defense.  *See* Ex. A (Spanish-language acknowledgement); Ex. B (English translation). During the interview, the DEA agents took notes, which have been produced in discovery and the defense has attached to its motion.  After the interview, the DEA agents prepared a Report of Investigation on Form DEA-6, which has also been produced in discovery.[4]

The defense now argues that the noncustodial statements that the defendant voluntarily made during the May 2019 interview should be suppressed because (1) the defendant's *Miranda*

---

[2] Thirty days before trial is Saturday September 6; therefore, the defense's requested proposed new witness disclosure deadline would presumably be the following workday, Monday September 8.

[3] It is unclear whether the defense's motion also seeks the identity of the Government's Confidential Source.  In any event, the Government has already disclosed the identity of the Confidential Source.

[4] The defense's statement that the interview was ""[s]trangely" . . . not memorialized on a standard government form" (ECF No. 30 at 2) is therefore false.  The defense may find the DEA-6 in the Government's discovery productions bearing Bates numbers 00000561 to 00000567.  The Government is willing to provide a copy of the DEA-6 to the Court upon request.

rights were violated and (2) it is "highly suspect" that the defendant made the statements at all. Neither argument is a basis for suppression, and the Court should deny the defense's motion without a hearing.

Courts generally require that a movant proffer "detailed or nonconjectural factual allegations that would establish a factual dispute to be resolved at a [suppression] hearing." *United States v. Neely*, No. CR 21-642 (JDB), 2023 WL 1778198, at *13 n.7 (D.D.C. Feb. 6, 2023), *aff'd*, 124 F.4th 937 (D.C. Cir. 2024) (citing authorities). If a movant does not do so, a court may deny the suppression motion without a hearing. *See id.*; *see, e.g.*, *United States v. Gillette*, 383 F.2d 843, 848 (2d Cir. 1967) (a court may require an affidavit from a witness with personal knowledge before scheduling a suppression hearing). Here, the allegations in the defendant's motion do not warrant a hearing and the Court should deny the suppression motion.

First, as the defendant argues, "a defendant's statement *in custody* during interrogation is admissible . . . only if law enforcement told the defendant of the right to remain silent and the right to speak with attorney." ECF No. 30 at 3 (emphasis added). Here, the defendant's statements during the May 2019 interview were not made while "in custody," *id.*; instead, the interview took place in a hotel in Quito and the defendant attended it voluntarily some time after his release from Ecuadorian custody. *See J.D.B. v. North Carolina*, 564 U.S. 261, 270 (2011) (*Miranda* warnings are required only when a person is in custody). But, even then, the interviewing agents nonetheless provided the defendant with a notice of his rights and he signed a form in Spanish acknowledging that he understood them. *See* Exs. A and B.

Second, the defendant's argument that he did not make the statements to the DEA is not a basis for suppression. The defense is of course welcome to argue to the jury that he did not make the statements that Government alleges that he made. The defense may also challenge the

Government's evidence, including by cross-examining any DEA agents who testify about them. But any such arguments are properly addressed to the jury. The defendant cites no authority suggesting that his bare denial that he made certain statements gives rise to any dispute properly resolved by the Court on a motion to suppress. The defendant's denial here—made without any kind of factual proffer or even an awareness of the discovery that the Government has produced, *see supra* note 4—is certainly not a basis for suppression.

For the foregoing reasons, the defendant's motion to suppress should be denied without a hearing.

## VI.   THE COURT SHOULD DENY THE MOTION TO DISMISS THE INDICTMENT AND RENEWED REQUEST FOR A BILL OF PARTICULARS (ECF No. 31)

The Court should deny the defendant's motion to dismiss the indictment and renewed request for a bill of particulars.

### A.  Motion To Dismiss

As the defendant recites, an indictment charging a narcotics importation conspiracy under 21 U.S.C. § 963 "is sufficient if it alleges a conspiracy to distribute drugs, the time during which the conspiracy was operative, and the statute allegedly violated." ECF No. 31 at 4 (citing *United States v. Mejia*, 448 F.3d 436, 445 (D.C. Cir. 2006)). Here the indictment alleges that "[b]eginning in or around January 2018 and continuing thereafter, up to in or around March 30, 2018," the defendant conspired to distribute cocaine in violation of 21 U.S.C. §§ 959(a) and 963. It further alleges that he did so in Ecuador and elsewhere. Thus, the indictment is sufficient under the standard that the defendant agrees is the correct one.

The defense speculates that "the government wants to explode [this case] into a world-wide cartel with multiple co-defendants, and extensive drug-trafficking and money transfer." ECF No.

31 at 6. That speculation, even if it were true, is not a basis for dismissing an indictment. That speculation is false, in any event. The Government has already proffered substantial portions of its case through briefing on these motions and none of it involves the "explos[ion]" that the defense forecasts.[5] Accordingly, the motion to dismiss should be denied.

### B. Request for Bill of Particulars

The defendant also "reasserts" his request for a bill of particulars. ECF No. 31 at 1. The Government has already opposed the defendant's request for a bill of particulars, and it relies on that previous opposition. *See* ECF No. 23. In addition, since the filing of that opposition, the Government has provided further information about the case and evidence against the defendant through briefing on the motions in limine, including this opposition. *See also* ECF No. 32-1 at 1-5 (five-page background section describing the case against the defendant). The defendant's assertion that it "has no notice of what the government will attempt to prove in order to support the life of the conspiracy it charged" is false. ECF No. 31 at 8. The Government has provided extensive discovery and proffers through motions of its case and evidence. The request for a bill of particulars should be denied.

---

[5] The Government may, at trial, present evidence that the defendant knew that one or more of his coconspirators, including planned recipients of the cocaine shipment in Mexico, were affiliated with the Cártel de Jalisco Nueva Generación (the "CJNG cartel"). But that evidence is relevant to showing that the defendant "intend[ed], kn[e]w, or ha[d] reasonable cause to believe" that the cocaine he intended to ship would be unlawfully imported into the United States, 21 U.S.C. § 959(a). As the Government can show at trial, it is commonly known among drug traffickers that the CJNG cartel ships large quantities of narcotics to the United States.

Respectfully Submitted,

MARLON COBAR, Chief
Narcotic and Dangerous Drug Section
Criminal Division
U. S. Department of Justice


By:    \_\_/s/ D. Hunter Smith\_\_
       Lernik Begian
       D. Hunter Smith
       Trial Attorneys
       Narcotic and Dangerous Drug
       Section Criminal Division
       U.S. Department of Justice
       145 N Street, NE
       East Wing, Second Floor
       Washington, D.C. 20530
       202-540-0917

## **CERTIFICATE OF SERVICE**

       I hereby certify that a copy of the foregoing was sent via the CM/ECF system, to counsel of record for the defendant, this 25th day of August 2025.

                            */s/D. Hunter Smith*
                            D. Hunter Smith
                            Trial Attorney
                            Narcotic and Dangerous Drug Section
                            Criminal Division
                            U.S. Department of Justice