UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JUAN NARANJO HENAO,<br>　　　　　　Defendant. | Crim. Case No. 18-cr-00131 (RDM) |

DEFENSE RESPONSE & OPPOSITION TO THE
GOVERNMENT'S MOTION IN LIMINE (ECF 32 & 32-1)

COMES NOW Defendant, Juan Naranjo Henao (hereinafter Mr. Naranjo), through undersigned counsel, and respectfully files this response and opposition to the government's motion in limine (ECF 32) and supporting memorandum (ECF 32-1). The government's motion in limine requests court attention/action regarding the following topics:

1. admission of audio recordings;
2. admission of transcripts of those recordings;
3. admission of other crimes/conduct evidence;
4. admissibility of Ecuadoran charges, reports and case resolution;
5. request for notice of entrapment defense; and,
6. request for defense exhibits.

Mr. Naranjo submits the following argument and authority as response to the government's motion in limine and the topics identified above.

*Admission of Audio Recordings and Transcripts*

With less than two months prior to trial, the Court and the defense have been formally informed that the government will seek to admit recordings, and corresponding transcripts, of a cooperating source ("CS"). While the government is correct in noting that these recordings were known to the defense, the nature of the material, and who would admit the material, was unknown. As indicated by the government motion, admission of the recordings/transcripts will rest upon a government agent, and, as argued by Mr. Naranjo, will call into question the authentication of the material.

The government effort to admit this material will not be by the individual participating in the recording, but rather a government agent "linked" to the case. The government's core argument for admission of this material can be summed up in one sentence from the government's motion:

> *First*, SA Novick can testify that he and other DEA agents directed the CS to record his conversations with the defendant, that the CS agreed, and that the CS then provided the DEA with these recordings shortly after they were made.

Gov. Mot. In Limine, ECF 32-1, p.5. Mr. Naranjo submits this presentation will be insufficient to authenticate the material in question.

Focusing on "authentication," there is no indication when or where these "directions" to the "CS" were accomplished – no reference how, or who else, would/could be involved, nor what the statement "shortly after they were made"

refers to.  The government admits that of the *many*[1] recordings, only once was the government agent present with the CS when a call was made.  Gov. Mot. In Limine, ECF 32-1, p.7.  Such a standard does not amount to proper authentication.

Introduction and use of audio recordings at a trial requires authenticity of the recording.  Authentication requires the moving party, in this case the government, to prove that "as a matter of reasonable probability, possibilities of misidentification and adulteration have been eliminated." *United States v. Celis*, 608 F.3d 818, 842 (D.C. Cir. 2010), citing, *United States v. White*, 116 F.3d903, 920–21 (internal quotation marks omitted).  See also Fed. R. Evid. 901(a) ("The requirement of authentication . . . is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims.").  In Mr. Naranjo's case, authentication of the calls will further require U.S. DEA agents and possibly foreign law enforcement officials.

Mr. Naranjo respectfully submits that the government will be unable to authenticate the recorded calls, nor connect the recordings to the charged conspiracy.  Accordingly, these audio recordings, and accompanying transcripts, must be suppressed as evidence.  For a proper analysis of whether this information is admissible, the government should provide to the Court the complete recordings and

---

[1] The defense still does not know what the term "many" means.  Is it simply a guess as to how many recordings the government will intend to introduce?  Regardless, there must be, by no later than the pretrial conference hearing, a complete list of recordings the government intends to introduce at trial.

transcripts they intend to introduce. It is only this way that the Court may properly evaluate the evidence and the admissibility.

*Other Crimes/Conduct*

The government admits, in their pleading, that they intend to use other crimes evidence. This admission to the Court confirms the defense concern as set forth in numerous pleadings, including the latest pleading seeking to preclude Rule 404(b) evidence. ECF 26. In the government's own writing, the danger of this evidence is:

> Here, the conspiracy *had started by 2017*—as the defendant himself described in his subsequent interview with the DEA; thus, evidence concerning the defendant's activities during that period is admissible as evidence that the conspiracy continued throughout the period charged in the indictment.

Gov. Mot. In Limine, ECF 32-1, p.13 (Emphasis added). In one simple sentence, the government has confirmed that they intend to ignore the boundaries of the time-frame identified in the indictment.

Throughout many pretrial motions, Mr. Naranjo has expressed the concern that the government is taking a small case and creating a large narcotics conspiracy, spanning a broad time-frame and geography. The government's motion in limine to include conduct outside of the time-frame of the indictment requires the Court to delineate what conduct the government intends to use, and under what authority they seek admission of the material.

*Ecuador Decision to Not Charge Mr. Naranjo*

The Court is aware that Mr. Naranjo was arrested in Ecuador in March of 2018. His arrest was memorialized with numerous law enforcement reports produced by Ecuadoran police, and prosecutors. The government motion in limine asks the Court to preclude any argument or suggestion by Mr. Naranjo to the jury that Ecuador's charging decisions are exculpatory as they relate to the charges in this case.

Mr. Naranjo assures the Court that the defense does not intend to argue that Ecuador's decision to dismiss criminal charges against him allows an argument that the pending criminal charges should be dismissed in the U.S. However, the Ecuadoran case, case reports, case evidence analysis, and case dismissal, are all documents that are part of a law enforcement action and, therefore, are admissible to memorialize events in Ecuador.

Mr. Naranjo submits that these documents are admissible, if relevant, and so long as they meet evidentiary standards. Furthermore, if a witness is unavailable, this too may call for the introduction of such evidence. The fact that a case was filed and dismissed in Ecuador is a matter of public record, and a party can present this information to a jury.

*Entrapment*

The defense will provide notification when and if such a defense becomes evident.

*Defense Evidence*

The defense will provide any defense evidence when it becomes available. Otherwise, the defense is resting on material already provided by the government. Specifically, Ecuadoran evidence of the events in Ecuador are already in the possession of the government.

Filed this 25th day of August 2025.

                                                      Respectfully submitted,

                                                      RETURETA & WASSEM, P.L.L.C.

By:_____
      Manuel J. Retureta, Esq.
      District of Columbia Bar #430006
      300 New Jersey Ave., NW, Suite 300
      Washington, D.C. 20001
      202-450-6119
      MJR@RETURETAWASSEM.COM

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing filing was served upon counsel for all parties via electronic mail on this 25th day of August 2025.

By:_____
Manuel J. Retureta, Esq.